JUDGE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CR 11-228 JLR |
| Plaintiff, | ) | DEFENDANT ABDUL-LATIF'S |
| | ) | EVIDENTIARY HEARING BRIEF |
| vs. | ) | |
| ABU KHALID ABDUL-LATIF, | ) | |
| Defendant. | ) | |

## I.   Introduction

An evidentiary hearing is scheduled in this matter for December 7, 2012. At issue are two spoliation motions filed by the defense based upon the willful destruction of evidence by Seattle Police Detective Samuel DeJesus and the Paid Informant.[1] The people who have relevant evidence to present at the evidentiary hearing and are therefore expected to testify are: (1) the Paid Informant; (2) Special Agent Ethan Via; (3) SA Albert Kelly; (4) Supervisor SA Sean Moore; (5) Det. Samuel DeJesus, (6) SPD Sergeant Erik Allen; (7) SPD Detective Greg Tomlinson; (8) Assistant United States Attorney Michael Dion; and (9) Assistant United States Attorney Todd Greenberg.

At the hearing, in keeping with the practice in this district and pursuant to Fed. R. Evid. 615, the defense anticipated moving for an order to exclude witnesses from the courtroom and

---

[1] *See* Defense Motion to Dismiss Indictment Based on Government's Intentional Destruction of Evidence (Dkt. No. 141); Defense Motion to Exclude Evidence and Provide a Jury Instruction For Failure to Preserve Exculpatory Evidence (Dkt. No. 96).

DEFENDANT'S EVIDENTIARY
HEARING BRIEF
(*Abu Khalid Abdul-Latif;* CR11-228 JLR)          1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington  98101
(206) 553-1100

1  to bar witnesses from discussing their testimony. However, these anticipated motions raise a

2  much more complex and novel issue before the Court because the Assistant United States

3  Attorney witnesses are both advocates and fact witnesses in these proceedings.

4       Presumably understanding the dilemma raised by AUSAs Dion's and Greenberg's dual

5  roles as witnesses and advocates, the government proposed to the defense that for the first half

6  of the hearing, AUSAs Greenberg and Dion would represent the government and present the

7  testimony of the other lay and law enforcement witnesses, and that thereafter, their supervisor,

8  AUSA Robert Westinghouse, would present the testimony of AUSA Dion and AUSA

9  Greenberg. Although the defense certainly appreciates the willingness of the government to

10  testify, the government's proposal deprives the defense of the benefits (and intent) of Rule

11  615, and implicates the underlying concern of RPC 3.7, that public confidence in the criminal

12  justice system not be eroded by even the appearance of impropriety. Accordingly, counsel for

13  Mr. Abdul-Latif, by this brief and motion, brings the issue before the Court at this time.

14       Additionally, the government informed the defense that if the defense did not agree

15  with its proposal, the government would take a "hardline position" that AUSAs Dion and

16  Greenberg should not be compelled to testify because there are alternate means to present

17  their testimony and that, even if they could be compelled to testify, they should be allowed to

18  serve as both advocates and witnesses at the hearing as proposed. The defense thus also moves

19  to compel AUSAs Dion's and Greenberg's testimony, should the government indeed, take that

20  position in response to the defense motion to exclude witnesses from the courtroom. *See*, *e.g.*,

21  *Gajewski v. United States*, 321 F.2d 261, 268-69 (8th Cir. 1963) ("an accused's right to call

22  relevant witnesses and to present a complete defense may not be abrogated for the sake of trial

23  convenience or for the purpose of protecting a United States Attorney from possible

24  embarrassment while testifying, if he possesses information vital to the defense").

25  / / /

26  / / /

DEFENDANT'S EVIDENTIARY
HEARING BRIEF
(*Abu Khalid Abdul-Latif;* CR11-228 JLR)    2

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington  98101
(206) 553-1100

1  ## II.  Motions in Limine

2  ### A.  Motion to Exclude Witnesses from the Courtroom

3  Mr. Abdul-Latif moves this Court for an order excluding witnesses from the courtroom

4  during trial. *See* Fed. R. Evid. 615 ("At the request of a party the court shall order witnesses

5  excluded so that they cannot hear the testimony of other witnesses"). It is further requested

6  that the Court order that all witnesses be advised not to discuss their testimony or the

7  testimony of other witnesses until after the evidentiary hearing is completed. *See Geders v.*

8  *United States*, 425 U.S. 80, 87 (1976) ("The judge's power to control the progress and, within

9  the limits of the adversary system , the shape of the [hearing] includes broad power to

10  sequester witnesses before, during, and after their testimony."). Under Rule 615, sequestration

11  of witnesses is mandatory if requested.  *United States v. Farnham*, 791 F.2d 331, 335 (4th Cir.

12  1986).

13  With respect to the anticipated law enforcement witnesses, the defense has no objection

14  to the government designating one law enforcement agent to be present during the evidentiary

15  hearing to assist the prosecution. Defense counsel requests the same courtesy and asks

16  permission to have one defense investigator present in the courtroom during the evidentiary

17  hearing.

18  While normally lawyer representatives are not subject to Rule 615 because the Rule

19  relates only to "witnesses," AUSAs Greenberg and Dion will be both percipient witnesses and

20  advocates at the hearing. Because the Court is the trier of fact, the defense does not seek their

21  recusal under the advocate-witness rule since the concern that "jurors will be unduly

22  influenced by the prestige and prominence of the prosecutor's office and will base their

23  credibility determinations on improper factors" will not be at play here. *United States v.*

24  *Edwards*, 154 F.3d 915, 921 (9th Cir. 1998); *see* ABA Model Rule of Professional Conduct

25  3.7, Comment (2) ("It may not be clear whether a statement by an advocate-witness should be

26  taken as proof or as an analysis of the proof."). But the Court's decision concerning

DEFENDANT'S EVIDENTIARY
HEARING BRIEF
(*Abu Khalid Abdul-Latif;* CR 11-228 JLR)        3

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington  98101**
**(206) 553-1100**

1  sequestration and the proper order of testimony to assure proper conduct and to prevent the

2  appearance of impropriety should nonetheless be informed by the principles underlying the

3  advocate-witness rule. *See* Rule 3.7 of the Washington Rules of Professional Conduct and the

4  ABA Model Rules of Professional Conduct 3.7 (providing that a lawyer shall not act as an

5  advocate at a trial in which the lawyer is likely to be a necessary witness unless four narrow

6  exceptions apply).[2] *See also United States v. Prantil*, 764 F.2d 548, 522 (9th Cir. 1985) (where

7  defendant had compelling need for prosecutor's testimony, trial court denied defendant rights

8  under confrontation and compulsory process clauses of Sixth Amendment by denying defense

9  motion to recuse prosecutor so he could be called as witness); *cf.*, *Geders*, 425 U.S. at 86

10  ("The trial judge must meet situations as they arise and to do this must have broad power to

11  cope with the complexities and contingencies inherent in the adversary process. To this end,

12  he may determine generally the order in which parties will adduce proof; his determination

13  will be reviewed only for abuse of discretion.").

**B.     Motion to Compel Testimony**

**1.     Factual background.**

16  By telephone and a subsequent letter dated August 3, 2012, the government informed

17  the defense that Det. DeJesus intentionally destroyed nearly 400 text messages with the Paid

18  Informant in violation of repeated directives by both AUSA Dion and AUSA Greenberg that

---

[2] Rule 3.7 states:

(a)   A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
(1)   the testimony relates to an uncontested issue;
(2)   the testimony relates to the nature and value of legal services rendered in the case;
(3)   the disqualification of the lawyer would work substantial hardship on the client; or
(4)   the lawyer has been called by the opposing party and the court rules that the lawyer may continue to act as an advocate.

Washington Rule of Professional Conduct 3.7; *see also* ABA Model Rules of Professional Conduct 3.7.

DEFENDANT'S EVIDENTIARY
HEARING BRIEF
(*Abu Khalid Abdul-Latif;* CR 11-228 JLR)     4

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington  98101**
**(206) 553-1100**

all text message communications should be preserved.[3] Based upon that information, the defense notified the prosecution on September 17, 2012, that it intended to call AUSAs Dion and Greenberg to testify at the hearing concerning the willful destruction of evidence by Det. DeJesus and by the Paid Informant.

Additional grounds arose for AUSAs Dion's and Greenberg's testimony when the government argued, in its Opposition to the Motion to Dismiss the Indictment, that Det. DeJesus's spoliation of evidence did not violate the Due Process Clause because the federal government had no control over Det. DeJesus, since his involvement in the Abdul-Latif investigation was "purely voluntary"[4] and that its Paid Informant's destruction of evidence did not violate due process because he was not acting as a government agent when he reset his cellular telephone, and was attempting to hide his own criminal conduct.[5]

Thereafter, the government and the defense met in an effort to explore alternatives to AUSAs Greenberg and Dion testifying at the hearing. The government agreed to submit to limited questioning by the defense concerning matters related to contacts that AUSAs Dion and Greenberg had with Det. DeJesus relating to the issue of preserving his text messages with the Paid Informant. The government made clear that AUSAs Dion and Greenberg would answer no questions beyond that topic.

On October 25, 2012, the defense interviewed AUSAs Dion and Greenberg, who were both represented by AUSA Westinghouse. In accordance with the limitations the government placed on the interviews, the defense did not question either prosecutor regarding the scope of the government's agency relationship with the Paid Informant. Nor did the defense question

---

[3] *See* Letter from Todd Greenberg, dated August 3, 2012 (attached as Ex. R to Motion to Dimiss Indictment (Dkt. No. 141) (filed under seal).

[4] *See, e.g.*, Govt.'s Opposition to Motion to Dismiss Indictment at 14 (Dkt. No. 152).

[5] *See, e.g.*, Govt. Opposition to Motion to Exclude Evidence and Provide Jury Instruction at 5-7 (Dkt. No. 155).

DEFENDANT'S EVIDENTIARY
HEARING BRIEF
(*Abu Khalid Abdul-Latif;* CR 11-228 JLR)          5

1  either witness about the degree of control the federal government had over Det. DeJesus or the

2  scope of the Paid Informant's agency relationship with federal and state authorities.

3      The interviews confirmed that both witnesses had relevant information to present the

4  Court concerning instructions each had given Det. DeJesus on separate occasions directing

5  that he preserve his text messages with the Paid Informant as well as the text messages the

6  Paid Informant exchanged with the targets of the investigation. The frequency and context of

7  the instructions both AUSAs gave Det. DeJesus to preserve all text messages raise serious

8  doubts with respect to Det. DeJesus's anticipated testimony that he does not remember

9  receiving any instructions and that while he may have received those instructions, he

10  misunderstood them.[6]

11      Following the interview, the defense informed the government that it needed to call

12  AUSAs Greenberg and Dion at the evidentiary hearing concerning the instructions they gave

13  Det. DeJesus, the scope of the agency relationship with the Paid Informant and Det. DeJesus,

14  as well as other factual matters that may be revealed by the testimony of the other witnesses.

15  Indeed, the defense has been unable to determine how AUSA Dion's and AUSA Greenberg's

16  respective recollection of relevant events comports with the memory of the investigative team

17  members because, to date, none of the other witnesses have agreed to meet with the defense.

18  Nor are there any reports or notes of the witnesses's anticipated testimony, according to the

19  government.

20      In response to the notice that the defense intended to call AUSAs Dion and Greenberg,

21  the government proposed that AUSAs Dion and Greenberg represent the government at the

22  hearing but that AUSA Westinghouse represent the government and that he conduct the direct

23  examinations of AUSAs Dion and Greenberg. The government informed the defense that if

24  the defense did not agree with its proposal, it would take a "hardline position" and that

25  _____

26      [6] *See* Letter from Todd Greenberg, dated July 25, 2012 (Ex. V to Motion to Dismiss Indictment (Dkt. No. 141)).

DEFENDANT'S EVIDENTIARY
HEARING BRIEF
(*Abu Khalid Abdul-Latif;* CR 11-228 JLR)          6

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington  98101**
**(206) 553-1100**

1    AUSAs Dion and Greenberg would no longer agree to testify. Instead, the government would

2    assert that AUSA Greenberg's and Dion's testimony were not warranted and that even if the

3    Court could compel their testimony, they should be permitted to act as both advocates and

4    witnesses, as proposed.

5              **2.      AUSAs Dion and Greenberg should be compelled to testify**
                         **regarding Mr. Abdul-Latif's motions based on the**
6                        **government's intentional destruction of evidence because**
                         **Mr. Abdul-Latif has a right to present all relevant**
7                        **testimony**.

8         Courts have consistently recognized the paramount importance of a defendant's Sixth

9    Amendment right to present his own defense. That right includes the right to offer the

10   testimony of witnesses, and to compel their attendance.  The Supreme Court has emphasized,

11            [t]he right to offer the testimony of witnesses, and to compel
12            their attendance, if necessary, is in plain terms the right to
              present a defense, the right to present the defendant's version
13            of the facts as well as the prosecution's to the [factfinder] so it
              may decide where the truth lies.  Just as an accused has the
14            right to confront the prosecution's witnesses for the purpose of
              challenging their testimony, he has the right to present his own
15            witnesses to establish a defense. *This right is a fundamental*
              *element of due process of law*.
16

17   *Washington v. Texas*, 388 U.S. 14, 19 (1967) (emphasis added).

18        Here, both AUSAs Dion and Greenberg are percipient witnesses to important events

19   critical to the resolution of the pending motions. With respect to both motions, the

20   government does not dispute that Det. DeJesus or the Paid Informant intentionally destroyed

21   nearly 400 text messages, and in Det. DeJesus's case, despite repeated directives to preserve

22   all such communications. *See* Dkt. No. 152 at 1. Instead, the government argues that Mr.

23   Abdul-Latif is not entitled to any redress for Det. DeJesus's misconduct because (1) Det.

24   DeJesus did not act in bad faith when he destroyed the text messages because he did not

25   believe the evidence to have exculpatory value and he could not recall or simply

26   misunderstood the AUSAs's repeated directives to preserve all text communications; (2) Det.

DEFENDANT'S EVIDENTIARY
HEARING BRIEF
(*Abu Khalid Abdul-Latif;* CR 11-228 JLR)        7

DeJesus's misconduct is not attributable to the federal government since Det. DeJesus was not their agent but, rather, a "volunteer" over whom the government had no control; and (3) there is no prejudice to Mr. Abdul-Latif because the defense can cross-examine the Paid Informant regarding his criminal past, misconduct while on supervision and substantial compensation received from the government. AUSAs Dion and Greenberg have relevant testimony to present concerning some, if not all, of these contested matters.

Specifically, for example, AUSAs Greenberg and Dion have relevant testimony to present concerning facts bearing upon the Court's assessment of bad faith. The issue of bad faith under *Arizona v. Youngblood*, 488 U.S. 51, (1988), is necessarily a mixed question of law and fact in which the quintessential factual question of intent predominates. *United States v. Bohl*, 25 F.3d 904, 909 (10th Cir. 1994). Here, AUSAs Greenberg and Dion can testify to facts which bear on Det. DeJesus's state of mind at the time he destroyed the evidence. *See Richter v. Hickman*, 5231 F.3d 1222 (9th Cir. 2008), *on reh'g en banc rev'd on other grounds*, 578 F.3d 944 (9th Cir. 2009) ("The Supreme Court made clear in *Trombetta* and *Youngblood* that the dispositive issue for due process purposes is the state of mind of police or prosecutors at the time the evidence is lost or destroyed").

In particular, one of the ways to demonstrate that Det. DeJesus acted in bad faith when he destroyed his text message communications with the Paid Informant is to show that he did so in violation of repeated directives from the AUSA. *Compare California v. Trombetta*, 467 U.S. 479, 488 (1984) ("the officers here were acting in good faith and in accord with their normal practice") (internal quotation marks and citation omitted); *Mitchell v. Goldsmith*, 878 F.2d 319, 322 (9th Cir. 1989) (observing, in the course of enumerating reasons for not finding bad faith, that "the police were acting in accord with their "normal practice"). *See also Youngblood*, 488 U.S. at 58 (emphasis added) (Court suggesting that exculpatory value of evidence need not be shown where "the police themselves *by their conduct* indicate that the evidence could form a basis for exonerating the defendant").

DEFENDANT'S EVIDENTIARY
HEARING BRIEF
(*Abu Khalid Abdul-Latif;* CR 11-228 JLR)     8

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington  98101
(206) 553-1100

Based upon the interview of AUSA Greenberg, it is anticipated that the government will testify that on June 6, 2011, Det. DeJesus was instructed, along with other members of the investigation team, to save all text messages between the Paid Informant and the targets of the investigation, as well as the Paid Informant and state or federal law enforcement.

AUSA Dion will similarly testify that on or about June 9, 2011, he had a one-on-one conversation with Det. DeJesus at a team meeting, during which Det. DeJesus acknowledged that he and the Paid Informant were communicating by text messages and he agreed to preserve the communications.

Also at issue is the government's agency relationship with Det. DeJesus and the Paid Informant, which the government contests. AUSA Greenberg can testify, for instance, regarding Det. DeJesus's involvement in the Joint Terrorism Task Force (JTTF)-led investigation. Specifically, it is anticipated that AUSA Greenberg will testify that at the June 6 meeting, the Federal Bureau of Investigations assumed control of the investigation, but that Det. DeJesus was to stay involved in the investigation as the Paid Informant's handler. He will also testify that he believed the FBI was coordinating with the SPD to preserve evidence. AUSAs Dion and Greenberg may also have additional knowledge concerning either Det. DeJesus's involvement or his role in the JTTF-led investigation. The defense was prevented from exploring these facts at the pre-evidentiary hearing interview in any depth because of the limitations placed on the interview by the government.

Similarly, both prosecutors have relevant and important evidence bearing upon the motion regarding the Paid Informant's deliberate destruction of evidence. It is undisputed that the Paid Informant intentionally reset his cellular telephone and thereby destroyed evidence including, among other things, several text messages with Mr. Abdul-Latif and with Det. DeJesus, and the illegal activity he claims prompted him to reset his telephone. *See* Dkt. No. 155 at 1. But the government argues no consequences should flow from this destruction of

DEFENDANT'S EVIDENTIARY
HEARING BRIEF
(*Abu Khalid Abdul-Latif;* CR 11-228 JLR)          9

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington  98101**
**(206) 553-1100**

evidence because the Paid Informant was not "federal law enforcement." *Id.* However, as the defense noted in its Reply Motion to Exclude Evidence and Provide Jury Instruction for Failure to Preserve Exculpatory Evidence (Dkt. No. 166), a private citizen acting as an agent of the government is not "to the slightest degree more free from all relevant constitutional restrictions than is any other government agent." *Hoffa v. Unites States*, 385 U.S. 293, 311 (1966).  The defense anticipates that the evidence will show that part of the Paid Informant's duties in this investigation was to preserve his communications with the targets of the investigation. It is anticipated that AUSA Greenberg, for example, will testify that he specifically directed that text communications between the Paid Informant and the investigation targets be preserved. AUSA Dion will likely testify that he knew the Paid Informant was serving as the repository for this information. Their expected testimony will accordingly inform the Court's determination of whether the evidence was deleted in bad faith.

In sum, the prosecutors have relevant and important information bearing on the issues before the Court. Because their testimony is necessary, they should testify as requested by the defense.

## III.   Conclusion

In keeping with Fed. R. Evid. 615, the Fifth and Sixth Amendments, as well as the need to avoid even the appearance of impropriety, the Court is respectfully requested to enter an Order excluding all witnesses, including Assistant United States Attorneys Michael Dion and Todd Greenberg from the courtroom during the evidentiary hearing, and directing all witnesses and parties to not discuss their testimony or the testimony of other witnesses until after the evidentiary hearing is completed.

Respectfully submitted this 19th day of November, 2012.

*Jennifer E. Wellman*                  *Erik B. Levin*

Jennifer E. Wellman                    Erik B. Levin

DEFENDANT'S EVIDENTIARY
HEARING BRIEF
(*Abu Khalid Abdul-Latif;* CR 11-228 JLR)          10

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington  98101**
**(206) 553-1100**

WSBA No. 29193                          WSBA No. 43954
Assistant Federal Public Defender       Assistant Federal Public Defender

*Vicki W.W. Lai*
Vicki W.W. Lai
WSBA No. 23935
Research and Writing Attorney

Attorneys for Abdul-Latif

DEFENDANT'S EVIDENTIARY
HEARING BRIEF
(*Abu Khalid Abdul-Latif;* CR 11-228 JLR)          11

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington   98101**
**(206) 553-1100**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 19, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Michael Dion, Todd Greenberg and Robert Westinghouse.

s/ *Charlotte Ponikvar*
Charlotte Ponikvar,  Paralegal
Federal Public Defender's Office
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
Tel. (206) 553-1100
Fax (206) 553-0120
Charlotte_Ponikvar@fd.org

DEFENDANT'S EVIDENTIARY
HEARING BRIEF
(*Abu Khalid Abdul-Latif;* CR 11-228 JLR)          12

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington   98101**
**(206) 553-1100**