Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ABU KHALID ABDUL-LATIF,<br>  a/k/a JOSEPH ANTHONY DAVIS,<br><br>Defendant. | NO. CR11-228JLR<br><br>PLEA AGREEMENT<br><br>11-CR-00228-PLAGR |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Todd Greenberg and Michael Dion, Assistant United States Attorneys, and Defendant, ABU KHALID ABDUL-LATIF, and his attorneys, Jennifer E. Wellman and Erik B. Levin, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):

1. **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter pleas of guilty to the following offenses:

   a. Conspiracy to Murder Officers and Employees of the United States, in violation of Title 18, United States Code, Sections 1114(1) and 1117, as charged in Count 1 of the Indictment.

   b. Conspiracy to Use Weapons of Mass Destruction, in violation of Title 18, United States Code, Sections 2332a(a)(2)(C) and 2332a(a)(3), as charged in Count 2 of the Indictment.

PLEA AGREEMENT - 1
*United States v. Abdul-Latif*, CR11-228JLR

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

By entering the pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering the pleas of guilty, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the government in a prosecution for perjury or false statement.

2. <u>Elements of the Offenses</u>.

    a.    The elements of the offense of Conspiracy to Murder Officers and Employees of the United States, in violation of Title 18, United States Code, Sections 1114(1) and 1117, are as follows:

> First, Defendant knowingly and intentionally agreed with one or more persons to commit the crime of Murder of Officers and Employees of the United States, in violation of Title 18, United States Code, Section 1114(1);
>
> Second, the object of the conspiracy was to kill officers and employees of the United States and of an agency of the United States Government, while such officers and employees were engaged in, and on account of the performance of, their official duties; and to kill other persons assisting such officers and employees in the performance of such duties and on account of that assistance;
>
> Third, Defendant entered the agreement intending to further that objective; and
>
> Fourth, Defendant or another co-conspirator engaged in an overt act to effect the object of the conspiracy.

    b.    The elements of the offense of Conspiracy to Use Weapons of Mass Destruction, in violation of Title 18, United States Code, Sections 2332a(a)(2)(C) and 2332a(a)(3), are as follows:

> First, Defendant knowingly and intentionally agreed with one or more persons to commit the crime of Use of Weapons of Mass Destruction, in violation of Title 18, United States Code, Sections 2332a(a)(2)(C) and 2332a(a)(3);
>
> Second, the object of the conspiracy was to, without legal authority, use a weapon of mass destruction against property that is owned and used by the United States and by a department and agency of the United States; and against persons and property within the United States, where a perpetrator traveled in and caused another to travel in interstate commerce in furtherance of the offense; and
>
> Third, Defendant entered the agreement intending to further that objective.

PLEA AGREEMENT - 2
*United States v. Abdul-Latif*, CR11-228JLR

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

3. <u>The Penalties</u>.

   a.      Defendant understands that the statutory penalties for the offense of Conspiracy to Murder Officers and Employees of the United States, in violation of Title 18, United States Code, Sections 1114(1) and 1117, are: Imprisonment for any term of years and up to life; a fine of up to $250,000; a period of supervision following release from prison of any term of years and up to life; and a $100 penalty assessment.

   b.      Defendant understands that the statutory penalties for the offense of Conspiracy to Use Weapons of Mass Destruction, in violation of Title 18, United States Code, Sections 2332a(a)(2)(C) and 2332a(a)(3), are as follows: Imprisonment for any term of years and up to life; a fine of up to $250,000; a period of supervision following release from prison of any term of years and up to life; and a $100 penalty assessment.

   c.      Defendant understands that in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law. Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

   d.      Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

   e.      Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, he could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

PLEA AGREEMENT - 3
*United States v. Abdul-Latif*, CR11-228JLR

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

4. **Rights Waived by Pleading Guilty.** Defendant understands that, by pleading guilty, he knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty, and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of Defendant's peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

    d. The right to be presumed innocent until guilt has been established at trial, beyond a reasonable doubt;

    e. The right to confront and cross-examine witnesses against Defendant at trial;

    f. The right to compel or subpoena witnesses to appear at trial;

    g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h. The right to appeal a finding of guilt or any pretrial rulings.

5. **United States Sentencing Guidelines.** Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in

PLEA AGREEMENT - 4
United States v. Abdul-Latif, CR11-228JLR

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a.    The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

    b.    After consideration of the Sentencing Guidelines and the other factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties, or by the United States Probation Department; and

    d.    Except as provided in Paragraph 9 below, Defendant may not withdraw his guilty plea solely because of the sentence imposed by the Court.

6.    <u>Ultimate Sentence</u>. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose, except as provided in Paragraph 9 below.

7.    <u>Statement of Facts</u>. Defendant admits he is guilty of the offense. In support of Defendant's guilty plea and sentencing, the parties agree that the Court should consider the following:

    a.    During June 2011, Defendant Abu Khalid Abdul-Latif agreed with Wali Mujahidh and an informant to kill United States military personnel in retribution for perceived wrongs committed by the United States military in the Middle East. The specific object of the conspiracy was to kill officers and employees of the Department of Defense who worked at the Military Entrance Processing Station ("MEPS") located in the Federal Center South building at 4735 East Marginal Way, Seattle, Washington, and the security personnel at the Federal Center South building.

    b.    The Department of Defense operates numerous MEPS throughout the United States. Applicants seeking to join one of the branches of the United States Military, including the Army, Navy, Air Force, and Marines, apply through and are

PLEA AGREEMENT - 5
*United States v. Abdul-Latif*, CR11-228JLR

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

processed at a MEPS. A MEPS is staffed by United States Military personnel and other federal civilian employees. The Federal Center South building is owned and operated by the United States Government, General Services Administration.

  c. During early June 2011, Abdul-Latif engaged in several telephone conversations with Mujahidh and an informant who was working with law enforcement. They discussed how the planned attack would be carried out. For example, on June 6, 2011, Abdul-Latif spoke with Mujahidh over the telephone in the presence of the informant. They discussed the general nature of the conspiracy, including the need to acquire firearms for use in the attack, and their plan to train with the firearms in advance of the attack.

  d. On June 8, 2011, Abdul-Latif and the informant conducted surveillance at the Federal Center South building. They drove to the building, parked in the main parking lot, and walked to the front door of the building. Abdul-Latif commented about observing surveillance cameras on the exterior of the building. The informant commented, "There's a security guard right there looking at you." Abdul-Latif later said about the guard: "We'll just kill him right away. . . . We can kill him first."

  e. On June 8, 2011, Abdul-Latif discussed with the informant ordering enough weapons for three people (referring to himself, Mujahidh, and the informant), including three machineguns, multiple magazines for each firearm, and several hand grenades. Abdul-Latif also said that he was going to call the MEPS to find out what days the recruits are going to be there. Abdul-Latif commented that he wanted to "be there on a day when all the recruits there are processing. . . . I don't want to come there just to kill an old guard."

  f. On June 14, 2011, Abdul-Latif and the informant spoke with Mujahidh over the telephone. They discussed that Mujahidh would travel to Seattle from Los Angeles, California. Mujahidh wanted to travel by bus, and they booked a bus ticket for travel on June 20-21, 2011. Abdul-Latif purchased Mujahidh's bus ticket using his debit card, in part with $100.00 provided by the informant.

PLEA AGREEMENT - 6
*United States v. Abdul-Latif*, CR11-228JLR

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

  g. On June 14, 2011, Abdul-Latif met with the informant, who had some of the weapons they had discussed purchasing for the attack. Abdul-Latif handled an inert fragmentation grenade, one Heckler & Koch MP-5 sub-machinegun, and one Colt M16A2 Commando machinegun. Abdul-Latif confirmed that the informant would purchase three of the M16A2 Commandos for the attack. On June 16 and 17, 2011, Abdul-Latif provided the informant with $800 cash to pay for the firearms. Abdul-Latif further instructed the informant to call him "as soon as you get everything," referring to the firearms.

  h. On June 21, 2011, after Mujahidh had arrived in Seattle, Abdul-Latif and Mujahidh met with the informant and further discussed the attack on the MEPS, including that they intended to use machineguns and grenades during the attack. Abdul-Latif referred to a sketch of the Federal Center South building floor plan and discussed, stating words to the effect, where the men would go during the attack and where they would throw grenades: "We come up in here . . . we throw the grenade in there. . . . Move up, throw the grenade in here. . . . Have one of us wait on the corner . . . the other two keep going. . . . When you get here, we drop the grenade here. You get halfway down the hallway, we drop the grenade down here. We can throw one in the bathroom, too. . ."

  i. During this same conversation, Abdul-Latif stated: "We're gonna hit the [MEPS] commander. . . . The thing is, on Mondays and Tuesdays, those are the main days that they do full processing for soldiers getting ready to go to boot camp. So if we do something like this, it's gonna have to be on a Monday or a Tuesday. No other day than that. We're not going there to kill the security guard. There's no sense in that." Abdul-Latif also stated: "We're not only trying to kill people, we're trying to send a message. We're trying to get something that's gonna be on CNN and all over the world. . . . That's what we want."

  j. On June 22, 2011, Abdul-Latif and Mujahidh met with the informant to take possession of the machineguns that were previously ordered. During the meeting, Abdul-Latif, and the informant, Mujahidh each handled and inspected one of the machineguns.

PLEA AGREEMENT - 7
United States v. Abdul-Latif, CR11-228JLR

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Moments later, Abdul-Latif and Mujahidh were arrested by FBI agents. The firearms
2  consisted of a Colt M16A1, 5.56 mm caliber assault rifle, with serial number 9463259; a
3  Colt M16A1, 5.56 mm caliber assault rifle, with serial number 9574856; and a Colt
4  M16A1, 5.56 mm caliber assault rifle, with serial number 9396093.

5        k.    The parties agree that the Court may consider any and all additional
6  facts contained in the Presentence Report and/or that may be presented by the United
7  States or Defendant at the time of sentencing (subject to standard objections by the
8  parties), and that the factual statement contained herein is not intended to limit the facts
9  that the parties may present to the Court at the time of sentencing.

10      8.    Sentencing Factors. The parties agree that they are free to argue the
11  application of any provisions of the United States Sentencing Guidelines. Defendant
12  understands that at the time of sentencing, the Court is free to apply any provisions of the
13  United States Sentencing Guidelines in determining Defendant's Sentencing Guidelines
14  range. Defendant may not withdraw his guilty plea solely because of the sentencing
15  factors applied by the Court.

16      9.    Agreement as to Sentencing Recommendation. Pursuant to
17  Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties acknowledge
18  and agree that the appropriate sentence to be imposed by the Court at the time of
19  sentencing is a sentence of imprisonment within the range of 17-19 years (204-228
20  months). If the sentencing court rejects any aspect of the above agreement of the parties
21  with regard to the appropriate sentence, both Defendant and the United States reserve the
22  right to withdraw from this agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules
23  of Criminal Procedure and to proceed to trial. No other agreement has been made with
24  regard to the imposition of the sentence in this matter, and the parties understand that the
25  Court retains full discretion with regard to the length of the term of supervised release,
26  the conditions of supervised release, and fines and restitution as may be applicable.

27      10. Recommendation to Bureau of Prisons. The United States will not object to
28  any request by Defendant for the Court's judgment to contain the recommendation that

PLEA AGREEMENT - 8
United States v. Abdul-Latif, CR11-228JLR

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant be incarcerated at a specific federal prison or state facility. Nothing in this provision is intended to restrict the authority of the Bureau of Prisons to consider any and all security concerns in determining the facility in which Defendant is incarcerated.

11. <u>Non-Prosecution of Additional Offenses</u>. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees to dismiss Counts 3, 4, 5, 6, and 8 of the Indictment at the time of sentencing, and not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, or that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes that the United States has agreed not to prosecute all of the criminal charges solely because of the promises made by Defendant in this Agreement.

Defendant acknowledges and agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all relevant conduct committed by Defendant.

Defendant agrees and acknowledges that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119 (1997).

12. <u>Waiver of Appeal</u>. As part of this Plea Agreement and on the condition that the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range that is determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

    a.    any right conferred by Title 18, United States Code, Section 3742 to appeal the sentence, including any restitution order imposed, except Defendant reserves the right to appeal the sentence if the Court sentences Defendant to a term of imprisonment greater than the range set forth in Paragraph 9 above, without Defendant's consent; and

PLEA AGREEMENT - 9
*United States v. Abdul-Latif*, CR11-228JLR

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

b.  any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

Furthermore, this waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. 2241, to address the conditions of confinement or the decisions of the Bureau of Prisons regarding the execution of sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

13. <u>Breach, Waiver, and Post-Plea Conduct</u>. Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that is in violation of conditions of (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward

PLEA AGREEMENT - 10
*United States v. Abdul-Latif*, CR11-228JLR

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  departure or variance from the calculated advisory Guidelines range. Under these
2  circumstances, the United States is free to seek such adjustments, enhancements,
3  departures, and/or variances even if otherwise precluded by the terms of the plea
4  agreement.

5      14.   <u>Statute of Limitations</u>. In the event that this Agreement is not accepted by
6  the Court for any reason, or Defendant has breached any of the terms of this Plea
7  Agreement, the statute of limitations shall be deemed to have been tolled from the date of
8  the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea
9  Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea
10 Agreement by Defendant is discovered by the United States Attorney's Office.

11     15.   <u>Voluntariness of Plea</u>. Defendant acknowledges that he has entered into this
12 Plea Agreement freely and voluntarily, and that no threats or promises, other than the
13 promises contained in this Plea Agreement, were made to induce Defendant to enter the
14 pleas of guilty.

15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

PLEA AGREEMENT - 11
United States v. Abdul-Latif, CR11-228JLR

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

16. <u>Completeness of Agreement</u>. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 6th day of DECEMBER, 2012.

_____
ABU KHALID ABDUL-LATIF
Defendant

_____
Jennifer E. Wellman
Attorney for Defendant

_____
Erik B. Levin
Attorney for Defendant

_____
Todd Greenberg
Assistant United States Attorney

_____
Michael Dion
Assistant United States Attorney

PLEA AGREEMENT - 12
United States v. Abdul-Latif, CR11-228JLR

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970